**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NADIA BULL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 19-CV-1308** |
| **v.** | ) | |
| | ) | |
| **TOWN OF CICERO, RAUL PEREZ,** | ) | |
| **individually, SERGE ROCHER,** | ) | |
| **individually, and FRANK SAVAGLIO, Jr.,** | ) | **Jury Trial Demanded** |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Nadia Bull, by her attorneys, Keith L. Hunt and Bradley E. Faber of Hunt &

Associates, P.C. hereby complain against Defendants The Town of Cicero ("Cicero"),

Executive Staff Commander Raul Perez, individually, Director Serge Rocher, individually, and

Sergeant Frank Savaglio, Jr., individually as follows:

## I.
## NATURE OF THE ACTION

1.      This is an action for declaratory and injunctive relief and for damages against

the defendants to enforce the Plaintiff's rights granted under the United States' Constitution

pursuant to 42 U.S.C. § 1983 to be free of gender discrimination and sexual harassment in the

workplace and for damages caused to her as a result of the intentional tortious conduct of and

one or more of the individual Defendants. Plaintiff also seeks to redress the deprivation of the

Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §

2000e et seq.)("Title VII"), under the Illinois Human Rights Act ( ("IHRA"), and for state law

causes of action.

## THE PARTIES

2.       The Plaintiff, Nadia Bull ("Bull"), was at all relevant times a resident of Forest Park, Cook County, Illinois or Wheaton, DuPage County, Illinois.

3.       In or about February, 2017, Plaintiff began employment with for the Town of Cicero ("Cicero") Police Department as a Community Service Officer/Auxiliary Officer.

4.       Defendant Town of Cicero ("Cicero") is an Illinois Municipal Corporation and/or Township Corporation, with its principal place of business in Cicero, Cook County, Illinois.

5.       The Town of Cicero operates the Cicero Police Department.

6.       At all times relevant, Cicero employed more than fifteen (15) employees and was Plaintiff's employer.

7.       At all times relevant to the claims brought in this Complaint up to and until he "retired", Defendant Raul Perez ("Perez") was the Cicero Police Department's Executive Staff Commander.

8.       Perez was one of Plaintiff's supervisors or superiors.

9.       Upon information and belief, Raul Perez is a resident and citizen of Crown Point, Indiana.

10.      Perez is sued in his individual capacity.

11.      At all times relevant to the claims brought in this Complaint, Serge Rocher ("Rocher") was the "Director" of the Cicero Police Department's Auxiliary Task Force.

12.      Rocher was one of Plaintiff's supervisors or superiors.

13.      Upon information and belief, Rocher is a resident and citizen of Libertyville, Illinois.

14.      Rocher is sued in his individual capacity.

2

15.     At all times relevant to the claims brought in this Complaint, Frank Savaglio, Jr., ("Savaglio") was a "Sergeant" at the Cicero Police Department, and was one of Plaintiff's supervisors or superiors.

16.     Upon information and belief, Savaglio is a resident and citizen of Riverside, Illinois. Savaglio is sued in his individual capacity.

17.     At all relevant times, Perez, Rocher and Savaglio operated under color of state law.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 because this action involves claims arising under federal law, including under the Constitution of the United States of America, enforceable through 42 U.S.C. § 1983 and under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.).

19.     This Court has supplemental jurisdiction over Plaintiff's state-law causes of action pursuant to 28 U.S.C. § 1367 as they arise from the same core of operative facts as give rise to her federal law claims.

20.     Venue is proper under 28 U.S.C § 1391(b)(1) and (d) because the Defendants Town of Cicero, Rocher and Savaglio reside in this district, Defendant Town of Cicero has a principal place of business in this judicial district and all of the acts and occurrence that give rise to this lawsuit took place in this judicial district.

## BACKGROUND

21.     Plaintiff complains about continuous sexual harassment and gender discrimination she experienced from, and retaliation she experienced after she repeatedly complained beginning in or about 2017 and continuing to the present.

22.     Male supervisory employees have repeatedly and routinely made sexual, discriminatory and harassing remarks and gestures toward the Plaintiff.

23.     The Town of Cicero, through its Supervisory staff in the Cicero Police Department maintained a pattern and practice of inferior treatment of females with respect to the terms and conditions of employment, including job assignments, harassment, training, promotions and overtime assignments.

24.     Plaintiff has observed male Cicero Police Department employees, as well as other Town employees with whom she has been required to work, including an EMT and employees from the Department of Public Works and Building Department, make offensive, unwanted comments about genitalia and sex.

25.     Plaintiff has been subjected to offensive sexual comments and advances toward Plaintiff and other offensive comments about women and women's breasts.

26.     Plaintiff has been repeatedly told by male coworkers that she was "too pretty" to be a police officer and comments insisting that an attractive female could not be an effective police officer.

27.     Plaintiff has been repeatedly told by male coworkers and supervisors that she was "too nice to be in law enforcement" and that she would "have to become a bitch" and various other comments to that effect.

28.     When Plaintiff began working for the Town of Cicero in early 2017, she directly reported to the Defendant, Director Rocher.

29.     Director Rocher, the Director of the auxiliary police task force to which Plaintiff was assigned, made repeated sexual advances toward Plaintiff, beginning in her initial in-person interview with the department, and continuing for months after she was hired.

4

30.     Director Rocher repeatedly made unwanted comments to Plaintiff regarding her appearance.

31.     Despite that Plaintiff was employed in the law enforcement field, Director Rocher made discriminatory comments to Plaintiff, degrading her ability to perform her role based on her gender.

32.     Director Rocher told Plaintiff: "You are a lady. It is your job to be a lady, not a soldier."

33.     Director Rocher encouraged Plaintiff to be flirtatious and subservient with male Cicero Police Department employees.

34.     Director Rocher told Plaintiff: "you will do well here. Just smile and hold the door open."

35.     Director Rocher repeatedly requested dates and attention both in direct comments during work and by calling Plaintiff, even when she was off-duty and sometimes in the middle of the night.

36.     On several occasions, Plaintiff told Director Rocher that she wanted to work her way toward full-time employment in law enforcement.

37.     Director Rocher told Plaintiff that the Town of Cicero promoted Police Auxiliary Service Officers to Corporal positions through an informal process by which Director Rocher selected and recommended Service Officers he deemed appropriate for such a promotion.

38.     Director Rocher told Plaintiff that the Town of Cicero's and Cicero Police Department's customary practice was that his recommendations for promotion were always approved.

39.     Director Rocher promised Plaintiff that if she engaged him in a sexual relationship, he would ensure she obtained a promotion to a full-time position.

40.     Director Rocher promised Plaintiff that he could ensure her promotion to a "Corporal" or to a full-time position in lock-up or at the front desk or in the Records Department.

41.     Director Rocher also offered to buy Plaintiff items or to pay for her rent in a new apartment if she engaged him in a sexual relationship.

42.     Director Rocher told Plaintiff "Do what you are told and you will get what you want."

43.     Plaintiff repeatedly rejected Director Rocher's repeated, unwanted requests for dates and for a sexual relationship.

44.     Plaintiff rejected Director Rocher's demands for *quid pro quo* sexual favors and dates in exchange for promotional opportunities as well as Rocher's offer to pay Plaintiff's rent if she moved into his building.

45.     Sergeant Savaglio repeatedly demanded that Plaintiff let him "get to know" her and insisted she meet with him outside of work.

46.     Claimant repeatedly said "no" to Savaglio's repeated romantic requests.

47.     Savaglio insisted that Plaintiff permit him to meet with Plaintiff to discuss his ability to help her with promotional opportunities at her home.

48.     At Plaintiff's home, Savaglio used his power and position as a supervisory officer to grab and touch Plaintiff on the inner thigh.

49.     Savaglio grabbed and kissed Plaintiff, and then pulled her into her bedroom.

50. Savaglio used his power and position as a supervisory officer to force Plaintiff to have sex with him.

51. Savaglio told Plaintiff not to complain about this to anyone else and that Plaintiff could lose her job if she complained.

52. Savaglio's sexual conduct toward Plaintiff including his repeated requests, pressure, suggestions that he could provide Plaintiff better work opportunities in exchange for letting him "get to know" Plaintiff and his unwanted touching were offensive and unwanted.

53. Executive Staff Police Commander Raul Perez made repeated and unwanted sexual advances and comments toward Plaintiff.

54. By way of example, Perez commented to Plaintiff that he wanted her to sit in a chair at his desk so that: "I can check out your rear."

55. Perez stood over and leaned over and into Plaintiff's backside as she was doing LEADS certification testing at a computer.

56. Perez told Plaintiff "damn, you're too attractive" and "you sure know how to wear a uniform."

57. These comments were unwanted and offensive and made Plaintiff extremely uncomfortable.

58. Perez repeatedly requested that Plaintiff "go out" with him.

59. Perez catcalled Plaintiff in front of other Cicero Police Department officers.

60. Perez sent unwanted, unsolicited pictures of himself to Plaintiff including a shirtless picture of himself via text message.

61. Perez told Plaintiff that he controlled her career in law enforcement, and demanded that she send pictures of herself as well.

62.     Perez sent other offensive and unwanted sexual text messages to Plaintiff including "Take my 8 ½ inch dick in your hand and guide it inside of you!!" and "Let me bend you over and take you deep and hard!!"

63.     Plaintiff repeatedly rejected Perez's advances, comments and requests.

64.     Perez groped and attempted to kissed Plaintiff at work.

65.     Perez offered to help Plaintiff obtain a full time position if she engaged him in a sexual relationship.

66.     After Plaintiff repeatedly rejected Perez's advances, Perez came to Plaintiff's residence uninvited.

67.     Perez forcibly groped Plaintiff.

68.     Despite that Plaintiff was crying and repeatedly said "no", Perez digitally penetrated Plaintiff.

69.     After putting his fingers inside Plaintiff, Perez then fondled himself in front of Plaintiff.

70.     Perez then told Plaintiff that she should not complain about this event or any other sexually harassing behavior because he had a family and she had a job which would both be in jeopardy if she complained.

71.     Perez attempted to coerce Plaintiff to leave employment with Cicero, told her to get a new job elsewhere and even wrote Plaintiff a letter of recommendation for a job away from Cicero.

72.     When Plaintiff did not agree to leave her Cicero employment, Perez threatened and intimidated Plaintiff in an attempt to silence her from complaining, telling her "You're a woman. You're a female officer, and you need to know your place!"

73.     Despite Defendants' efforts to intimidate or discourage Plaintiff from complaining, Plaintiff complained about sexual harassment and discrimination on multiple occasions to numerous supervisors, including at least Defendant, Sergeant Savaglio (before he also sexually harassed her), Sergeant Zamora, Commander Al Auriemma and officer Cuchna.

74.     When Plaintiff repeatedly complained about sexual harassment, several Supervisors acknowledged that the complained of harassers were known "creeps", that her complaints were "not a surprise", and Sergeant Zamora even apologized that Plaintiff had to "be alone" with Perez during training.

75.     Claimant also complained to Human Resource representatives Don Schultz and Sarah Jelic.

76.     When Plaintiff complained to Cicero Police Department Supervisors and HR, the Town of Cicero failed to promptly remedy Plaintiff's complaints.

77.     Plaintiff complained to the Cook County State's Attorneys' Office.

78.     Town Attorney Julie Diemer criticized Plaintiff and told her that Plaintiff's sexual harassment and discrimination complaints were "disruptive to the workplace."

79.     Diemer prohibited Plaintiff from lodging additional details of sexual harassment with Human Resources.

80.     The Town of Cicero and the Cicero Police Department have not promptly taken adequate remedial steps to ensure that the ongoing sexually harassing workplace environment cease.

81.     Despite Plaintiff's complaints, Plaintiff has continued to endure a sexually harassing and hostile workplace environment.

9

82.     Even continuing into 2019, Plaintiff has endured male co-workers mocking Plaintiff's sexual harassment complaints, making sexual jokes, gyrating or "humping" a desk, and making moaning sounds as though he was having an orgasm.

83.     Plaintiff has suffered damages, including lost wages and emotional distress as a result of having to endure this offensive, unwanted workplace environment.

84.     Plaintiff cross-filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Ex. A).

85.     Plaintiff received a Right to Sue letter from the EEOC (Ex. B) and a Notice of Dismissal from the IDHR. (Ex. C).

86.     Plaintiff timely files this lawsuit within 90 days of her receipt of her EEOC Right to Sue letter and IDHR Notice of Dismissal.

**COUNT I**
**VIOLATION OF 1983-EQUAL PROTECTION (SEXUAL HARASSMENT)**
**(Against The Town of Cicero, Perez, individually,**
**Rocher, individually and Savaglio, individually)**

87.     Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-86 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

88.     Plaintiff was at all relevant times a member of a protected class based upon her gender (female).

89.     At all relevant times Cicero had a custom, policy and/or practice to allow employees and supervisors to discriminate against and to sexually harass female employees.

10

90.     Defendants and other employees sexually harassed Plaintiff and/or allowed it to occur.

91.     During the course of her employment with the Cicero Police Department, Plaintiff has been forced to endure *quid pro quo* offers of promotional opportunities for sex and a working environment hostile toward women, including unwelcome or unwanted sexual advances, touching, groping, fondling, kissing, requests for sexual favors, sexual comments and gestures.

92.     From at least 2017-2018, male supervisors including Rocher, Savaglio and Perez sexually harassed Plaintiff and similarly situated female employees and subjected them to a hostile workplace environment, including but not limited to the ways described elsewhere in this Complaint, in Plaintiff's attached EEOC Charge, and in one or more of the following ways:

   a.  making unwanted sexual advances;

   b.  making comments of a sexual and offensive nature;

   c.  touching Plaintiff in a sexual or offensive manner.

   d.  in the case of Savaglio and Perez, physically groping, kissing or attempting to kiss and physically threatening Plaintiff.

93.     The conduct which Plaintiff experienced was offensive and unwanted.

94.     The sexual harassment about which Plaintiff complained was severe and pervasive.

95.     Plaintiff complained about the widespread discriminatory and harassing conduct she faced at the Cicero Police Department.

96.     Defendant, by and through its supervisors, human resources department and Town Attorney acquiesced, turned a blind eye, and did not effectively deter, investigate, prevent or take appropriate remedial action regarding the ongoing discrimination and harassment.

97.     During Plaintiff's employment, Plaintiff met all of her employer's reasonable and legitimate work-related expectations.

98.     All of the foregoing conduct on the part of Defendants was offensive to Plaintiff and would be offensive to any reasonable person.

99.     Plaintiff complained to her supervisors and to Human Resources, but Plaintiff's complaints went unanswered, and she was told her complaints were "disruptive."

100.    The discriminatory and harassing behavior directed at Plaintiff was part of a custom, pattern and practice of unlawful harassment and discrimination against female employees at Cicero Police Department.

101.    Defendants' conduct violated Plaintiff's right to Equal Protection under the law, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

102.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

103.    Plaintiff has suffered damages of an on-going and continuous nature.

**COUNT II**
**VIOLATION OF TITLE VII-SEXUAL HARASSMENT**
**(Against The Town of Cicero)**

104.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-103 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

105.    This claim is brought under Title VII, 42 U.S.C. § 2000e, *et seq*.

106.    The Town of Cicero constitutes an "employer" within the meaning of Title VII (42 U.S.C. § 2000e-(b)), based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

107.    Plaintiff was subjected to offensive *quid pro quo* requests for sex and sexual favors in exchange for job advancement opportunities.

108.    Plaintiff was subjected to a sexually harassing hostile workplace environment.

109.    Plaintiff has complained about harassment, discrimination and the events described in her EEOC Charge to managers, supervisors and Human Resources.

110.    Defendant did not promptly remedy ongoing sexual harassment when Plaintiff complained.

111.    Defendants permitted sexual harassment to continue and allowed the sexually harassing supervisors to retaliate against the Plaintiff after she complained.

112.    As a result of the foregoing, Plaintiff has suffered damages.

**COUNT III**
**VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT-SEXUAL HARASSMENT**
**(Against The Town of Cicero, Perez, individually,**
**Rocher, individually and Savaglio, individually)**

113.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-112 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

114.    This claim is brought pursuant to the Illinois Human Rights Act ("IHRA")(775 ILCS 5/2-101, *et seq.*).

13

115. Defendant Town of Cicero was Plaintiff's Employer under the Illinois Human Rights Act.

116. Defendant Rocher was Plaintiff's supervisor under the Illinois Human Rights Act.

117. Defendant Savaglio was Plaintiff's supervisor under the Illinois Human Rights Act.

118. Defendant Perez was Plaintiff's supervisor under the Illinois Human Rights Act.

119. Plaintiff was sexually harassed by Defendants in violation of the Illinois Human Rights Act.

120. As a result of this conduct, Plaintiff has suffered damages, including severe emotional distress.

**COUNT IV**
**VIOLATION OF 1983-EQUAL PROTECTOIN (GENDER DISCRIMINATION)**
**(Against The Town of Cicero, Perez, individually,**
**Rocher, individually and Savaglio, individually)**

121. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-121 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

122. Defendants' conduct violated Plaintiff's right to Equal Protection under the law, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

123. The discriminatory and sexually harassing behavior directed at Plaintiff was part of a custom, pattern and practice of unlawful harassment and discrimination against female employees at Cicero Police Department.

124.    Similarly situated male employees have been treated more favorably than Plaintiff.

125.    Male Auxiliary Police Officers were not required to engage male Cicero Police Department supervisors in sexual or romantic activity to be considered eligible for a promotion to a full time position.

126.    Plaintiff and other female employees have been subjected to discriminatory comments from supervisors and coworkers which have not been directed to male counterparts and which males are not required to endure as a condition of their employment.

127.    Male supervisors and coworkers subjected Plaintiff and other female employees to derogatory comments which are demeaning to women.

128.    Rocher, Savaglio and Perez intentionally discriminated against Plaintiff based on her gender by giving more favorable treatment to male employees and by sexually harassing the Plaintiff.

129.    Plaintiff has been treated differently than her male counterparts because she is female.

130.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage of an on-going and continuous nature.

**COUNT V**
**VIOLATION OF TITLE VII-SEX DISCRIMINATION**
**(Against The Town of Cicero)**

131.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-131 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

15

132.    This claim is brought under Title VII, 42 U.S.C. § 2000e, *et seq*.

133.    Plaintiff has been discriminated against in the workplace based on her gender, female.

134.    The aforementioned conduct constitutes a violation of Title VII of the Civil Rights Act of 1964 based on gender discrimination.

135.    As a result of the foregoing, Plaintiff has suffered damages.


**COUNT VI**
**VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT-SEX DISCRIMINATION**
**(Against The Town of Cicero)**

136.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-135 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

137.    This claim is brought under the Illinois Human Rights Act (775 ILCS 5/2-101, *et seq.*).

138.    Plaintiff has been discriminated against in the workplace based on her gender, female.

139.    The aforementioned conduct constitutes a violation of the Illinois Human Rights Act based on gender discrimination.

140.    As a result of the foregoing, Plaintiff has suffered damages.

**COUNT VII**
**VIOLATION OF 1983-RETALIATION**
**(Against The Town of Cicero, Perez, individually,**
**Rocher, individually and Savaglio, individually)**

141.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-140 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

16

142.    Plaintiff complained about discriminatory sexually harassing treatment by Defendants Perez, Rocher and Savaglio.

143.    As a direct and proximate result of Plaintiff's complaining activities, the Defendants have taken materially adverse employment actions against the Plaintiff by:

    a.   Denying the Plaintiff a promotion to full-time employment which they had previously promised;

    b.   Unfairly disciplining Plaintiff;

    c.   Explicitly informed Plaintiff her complaints were being ignored;

    d.   Reducing or removing some of Plaintiff's responsibilities;

    e.   Reducing Plaintiff's hours and disallowing overtime opportunities which reduced Plaintiff's compensation;

    f.   Refusing Plaintiff the opportunity to use the workplace restroom;

144.    Defendants took materially adverse employment actions against the Plaintiff.

145.    The Plaintiff has been damaged as a result of the constitutional violations and deprivation of her right to Equal Protection and retaliated against for complaining about these violations.

**COUNT VIII**
**VIOLATION OF TITLE VII-RETALIATION**
**(Against The Town of Cicero)**

146.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-145 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

147.    When Plaintiff complained about sexual harassment and gender discrimination, she was threatened with retaliation and retaliated against, including but not limited to as set forth elsewhere in this Complaint and in Plaintiff's EEOC Charge.

17

148. As a result of this conduct, Plaintiff has suffered damages.

**COUNT IX**
**VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT-RETALIATION**
**(Against The Town of Cicero, Perez, individually,**
**Rocher, individually and Savaglio, individually)**

149. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-148 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

150. When Plaintiff complained about sexual harassment and gender discrimination, she was threatened with retaliation and retaliated against, including but not limited to as set forth elsewhere in this Complaint and in Plaintiff's EEOC Charge.

151. As a result of this conduct, Plaintiff has suffered damages.

**COUNT X**
**COMMON LAW BATTERY**
**(Against The Town of Cicero, Perez,**
**Individually and Savaglio, individually)**

152. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-151 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

153. In 2017, multiple Town of Cicero employees, including Supervisors Perez and Savaglio intentionally and offensively touched and battered Plaintiff.

154. Defendant Town of Cicero was aware of intentional, offensive touching occurring by its supervisors and male co-workers toward the Plaintiff.

155. By failing and refusing to discipline employees who commit battery, assault or other intentional torts, the Town of Cicero has expressly or tacitly condoned the commission of intentional torts in the workplace.

156.    Intentional tortious conduct (assaults and batteries) were committed by management.

157.    Instead of taking swift remedial action to stop ongoing batteries and assaults, Diemer instructed Plaintiff to stop complaining to Human Resources.

158.    Plaintiff was subjected to harmful or offensive touching, including by Cicero police supervisors Commander Perez and Sergeant Savaglio without her consent.

159.    Defendant took no steps to prevent Plaintiff from suffering a battery.

160.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

161.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

162.    Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant Town of Cicero's supervisors and employees including Perez, Rocher and Savaglio.

163.    Defendant took no steps to prevent Plaintiff from suffering a battery.

164.    The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

165.    As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, sick and disabled, suffered mental anguish,

anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

**COUNT XI**
**COMMON LAW ASSAULT**
**(Against The Town of Cicero, Perez,**
**Individually and Savaglio, individually)**

166.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-166 of this Complaint and in her charge of discrimination (Ex. A) as and for this paragraph.

167.    The foregoing acts by the Defendant Town of Cicero, and its supervisors and employees Perez, Rocher and Savaglio, were done intentionally.

168.    These acts placed Plaintiff in fear or reasonable apprehension of an immediate battery or harmful or offensive touching.

169.    Defendant Town of Cicero took no steps to prevent Plaintiff from being assaulted.

170.    As a direct and proximate result of the Defendants' conduct, the Plaintiff was damaged.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendants on each of her respective claims, and:

a.    Enjoin the Defendants, their officers, agents, employees and anyone acting in concert therewith, from discriminating, harassing and retaliating against the Plaintiff;

b.    Order that the Town of Cicero implement effective steps to eliminate and remediate harassment and discrimination in the workplace;

c. Order that Plaintiff be promoted to a full-time position as she was promised in 2017 before complaining about sexual harassment, along with commensurate salary, raises, insurance and pension benefits associated with that promotion;

d. Award the Plaintiff backpay;

e. Award Plaintiff front pay, if appropriate;

f. Award the Plaintiff actual damages;

g. Award Plaintiff compensatory damages;

h. Award plaintiff punitive damages against Perez, Rocher and Savaglio in their individual capacities only;

i. Award Plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, Title VII, the Illinois Human Rights Act, and pursuant to any other applicable statute or law;

j. Award Plaintiff her reasonable costs associated with bringing her claims;

k. Award Plaintiff prejudgment interest on Defendants' damages award;

l. Award Plaintiff all other relief as the Court deems appropriate, equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
HUNT & ASSOCIATES, P.C.

By:/s/ *Keith L. Hunt* (electronic signature)
An Attorney for Plaintiff

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
55 West Monroe
Suite 3600
Chicago, Illinois 60603
(312) 558-1300